In re Gerald Lewis TARNOW, Debtor.

COMMODITY CREDIT CORPORATION,
Plaintiff-Appellant,

v.

Gerald Lewis TARNOW,
Defendant-Appellee.

No. 83-433.

Bankruptcy No. 82-30715.

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 23, 1983.

Donald Moroz, Asst. U.S. Atty., South Bend, Ind., for plaintiff-appellant.

Patrick E. Hoog, Barrett, Barrett & McNagny, Fort Wayne, Ind., for defendant-appellee.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This comes before the court on plaintiff-appellant, Commodity Credit Corporation's (CCC) appeal from the order of the Bankruptcy Court entered August 1, 1983. The sole issue presented on review is whether a secured creditor may lose its lien as a result of a failure to timely file a proof of claim in a Chapter 11 bankruptcy proceeding. Appellate jurisdiction of this court is predicated upon 28 U.S.C. § 1334. For reasons discussed below, this court affirms the order of the Bankruptcy Court.

I.

The following facts are not in dispute. The defendant-appellee, Gerald Tarnow (debtor) owed CCC the principal sum of $235,078.32 plus interest as of July 6, 1982, the day on which the debtor filed a petition under Chapter 11 of the Bankruptcy Code. CCC filed a Proof of Claim in this action on February 25, 1983; however, the last day of filing claims had passed on December 23, 1982. CCC had been listed on the debtor's original schedule and had notice of the fact but was subsequently omitted from debtor's schedule when it was amended on September 10, 1982. Thus, CCC had actual knowledge of the proceeding to enable it to file its claim in a timely fashion. The debtor

then requested that claim No. LS–3, CCC's claim, be disallowed as untimely. A pretrial conference was held on that issue on April 26, 1983, and the parties agreed that they could stipulate to all of the facts. Such stipulation was filed on May 13, 1983. On August 1, 1983, the Bankruptcy Court found that the claim should be disallowed due to its late filing, and that under 11 U.S.C. § 506 and § 1141, the creditor's lien on the debtor's property is void.

Notice of Appeal from the Bankruptcy Court's order of August 1, 1983 was filed by CCC on August 10, 1983 and later amended on September 19, 1983. CCC filed its brief on October 5, 1983. Debtor's answer brief, emergency motion for dismissal and memorandum in support of such motion was docketed on October 20, 1983.

## II.

The statutory grant of appellate jurisdiction to the district court over the decisions of the bankruptcy court is contained in 28 U.S.C. § 1334 (Supp. II 1976) which provides as follows:

> The district courts shall have original jurisdiction, exclusive of the courts of the State, of all matters and proceedings in bankruptcy.

The applicable standard of review of decisions of the bankruptcy court is set forth in Bankr.Rule 8013, U.S.C.A. (West 1983). It states in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous . . . .

See also In Re Martin, 698 F.2d 883 (7th Cir.1983). Rule 8013 does not, however, prevent the district court from reviewing the legal conclusions of the bankruptcy court. The district court must independently determine the accuracy of legal conclusions adopted by the bankruptcy judge on the basis of the facts shown. In Re Pickus, 26 B.R. 171, 173 (D.C.Conn.1982). The case presents to the court a pure question of law.

CCC argues that its lien may not be voided against the debtor's property pursuant to 11 U.S.C. § 506(d) or any other provision of the Bankruptcy Code. 11 U.S.C. § 506(d) (Supp. III 1979) provides:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> > (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or
> >
> > (2) such claim was disallowed only under section 502(e) of this title.

CCC argues that its lien cannot be voided in accordance with the above statute because no party in interest has requested that the Bankruptcy Court determine and allow or disallow the claim under 11 U.S.C. § 502. It further submits that § 506(d), when read in connection with § 502, was designed to void liens to the extent that the liens secured the type of claims which are enumerated under 11 U.S.C. § 502(b). Late filed claims do not fall within the ambit of § 502(b) or any other subsection of § 502. Thus, CCC concludes that its lien should pass through the bankruptcy case unaffected.[1]

The allowance of claims is governed by § 502 of the Bankruptcy Code which provides in pertinent part:

> (a) A claim or interest proof of which is filed under 501 of this title, is deemed allowed, unless a party interest . . . objects. 11 U.S.C. § 502(a) (Supp. III 1979).

The language of 502 is clear. A claim against an estate will be allowed unless an objection is taken under this provision of the Code. In the Matter of Nuisance Corp., 17 B.R. 80, 82 (Bkrtcy.N.J.1981). It is in fact the only application provision in the Code dealing with the allowance of claims or interest.

Section 502 continues as follows:

1. CCC bases its conclusion, in part, upon the legislative history of § 506(d). The legislative history of 506(d) does state that subsection (d) permits liens to pass through the bankruptcy case unaffected. However, this is followed by a caveat—if a party interest does request the court to determine whether to allow or disallow a secured claim under § 502, the lien is void to the extent that the claim is not allowed. See H.R.REP. No. 95–595, 95th Cong., 2d Sess. 357, reprinted in 1978, U.S.CODE CONG. & AD. NEWS 5787, 6313.

(b) Except as provided in subsections (f), (g), (h), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—....

11 U.S.C. § 502(b) (Supp. III 1979).

It further delineates the kinds of claims which may not be allowed to the extent they are in whole or in part any of the subsections listed in the provision.

It would appear at first glance that CCC's analysis of the interplay between § 506(d) and § 502 is the proper reading of these provisions of the Bankruptcy Code. Section 502(b) contains the mandatory language "shall" in speaking of the duty of the court, after notice and hearing, to determine the amount of and allow any claim objected to except for the type of claims listed in the nine subsections therein. These subsections emerge as a seemingly exclusive list of claims which the court may not allow. To adopt this interpretation of these provisions, however, would result in the creation of a void in the Code with respect to any objection to a claim couched in terms of validity, legality or timeliness. If such an objection cannot be made under § 502, no alternative provisions can serve as a basis for it.

■ Moreover, the provisions of § 502(b) are inapplicable if the threshold requirements of § 502(a) are not met. Section 502(a) speaks of a claim or interest *deemed allowable* as a result of a proof of claim or interest filed in accordance with 501. Section 501 presents a framework for presenting claims to the bankruptcy court. It provides in pertinent part:

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim. 11 U.S.C. § 501 (Supp. III 1979).

It does not, however, set forth any time requirements. The procedures for filing claims in a Chapter 11 proceeding are set out in Bankr.Rule 3003(c), U.S.C.A. (West 1983).[2] Therefore, it would appear that a

---

**2.** Bankruptcy Rule 3003(c) provides, in pertinent part:

(c) FILING PROOF OF CLAIM.
(1) *Who May File.* Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule.
(2) *Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.
(3) *Time for Filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.
During the period at which time the claim in this cause was to be filed, the Interim Bankruptcy Rules were in effect. The applicable Rule, 3001(b), reads, in pertinent part, as follows:

(b) Filing Proof of Claim.
(1) *Who May File.* Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (b)(3) of this rule.
(2) *Who Must File.* (A) Any creditor, including the United States, a state, or any subdivision thereof, whose claim is listed as disputed, contingent, or unliquidated as to amount, shall file a proof of claim within the time prescribed by subdivision (b)(3) of this rule; any such creditor who fails to do so shall not with respect to such claim, be treated as a creditor for the purposes of voting and distribution.
(B) Notwithstanding the foregoing, the court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.
(3) *Time for Filing.* A proof of claim may be filed at any time prior to the approval of the disclosure statement unless a different time

claim cannot be deemed allowed within the meaning of 502(a) if there exists a flaw in the filing requirements set out pursuant to § 501 and the rules promulgated thereunder. The only avenue through which a party can object to such a defect is § 502. It must follow that § 502(b)(1)–(9) describes those claims not allowable which are *in addition to* those claims not allowable due to problems of timeliness and validity. Though research by this court has not revealed any cases on the issue, one commentator has presented a strong argument in support of this contention:

> There can be little doubt, however, that the first touchstone of the allowability of a claim, i.e. may the claimant share in a distribution of the debtor's assets, is timely filing of a proof of claim by a creditor ... under section 501(a). Section 502(a) means nothing if its essential significance is not that the condition precedent to a claim or interest being deemed allowed is that proof of such claim or interest shall have been filed pursuant to section 501 and, in accordance with the procedural implementation of that section, within the fixed time within which appropriate proof of claim or interest must be filed. Upon such filing, section 502(a) and Bankruptcy Rule 3001(f) continue the rule announced by Section 57a of the 1898 Act and former Bankruptcy Rule 301(b) that claims properly filed constitute prima facie evidence of their validity and their amount unless a party in interest objects. Once such objection is taken, the determination of whether or not the objection is well founded is a judicial function to be exercised by the court. 3 Collier on Bankruptcy ¶ 502.01, p. 502–9 (15th ed.).

Thus, since debtor's request to disallow CCC's claim as untimely was properly lodged under § 502, the Bankruptcy Court was correct in voiding CCC's lien pursuant to § 506(d).

 Further, policy reasons dictate that this rationale be adopted by the court. Two major purposes of bankruptcy are to (1) give the debtor a fresh start and (2) provide for a fair and orderly distribution of assets among creditors. *Matter of Heyward,* 15 B.R. 629, 634 (Bkrtcy.E.D.N.Y.1981). Both policies are essential and are undermined by permitting late claims. It would be virtually impossible for a debtor to obtain a fresh start if he had no way of determining when a creditor would be allowed to come in and change the entire complexion of the bankruptcy.

In addition to a fresh start for the debtor, it is equally important that there be a fair and orderly distribution of the assets among creditors. There must be some objective rules by which the parties to a bankruptcy would know how to properly conduct themselves in a bankruptcy action. In addition to predictability, a fair distribution also requires a sense of finality. There must be some time constraints on the parties involved. The court in *Matter of Evanston Motor Co., Inc.,* 26 B.R. 998 (D.C.N.D.Ill. 1983) commented upon this issue:

> This clear Congressional intent to require filing of valid proofs of claim within the time limits that it has set is sufficient to preclude us from finding exceptions to these rules in the supposed interest of equity. Beyond this, it cannot be said that when a claim has been scheduled by a debtor, the filing requirement imposing time limitations is a purposeless formality. For one thing, it insures that creditors know what they will receive under a plan within a reasonable time.... It would be inequitable as to all three—old creditors, debtor, and new creditors—not to have a cut-off date beyond which even claims on a scheduled indebtedness may not be filed. *Id.* at 1003.

These policy considerations have a particularly strong bearing on this action. As the Bankruptcy Court stated in its order of August 1, 1983, this has been a complicated bankruptcy involving many creditors thereby necessitating finality in the fixing of dates and schedules.

Accordingly, it is the order of this court that the order of the Bankruptcy Court of

is fixed by the court on notice as provided in Rule 2002.

August 1, 1983 in this cause be and hereby is AFFIRMED.