Charles DAVIS, Appellant,

v.

Michael D. LEWIS and Catherine Lewis, Appellees.

No. LR–C–83–910.

United States District Court,
E.D. Arkansas, W.D.

Jan. 13, 1984.

Charles Davis, pro se.

Kennard K. Helton, Dardanelle, Ark., for appellees.

## ORDER

HENRY WOODS, District Judge.

The adversary proceeding underlying this bankruptcy appeal began rather routinely with the appellant filing a complaint on the eve (December 29, 1982) of the deadline set for filing objections to discharge or complaints to determine dischargeability of debts of the appellees/bankrupts. (See Stipulation of Facts filed May 10, 1983.) This complaint was set for hearing on February 4, 1983. The Bankruptcy Court found that

---

appellant's counsel received notice of this hearing, but neither appellant (who now proceeds pro se) nor his attorney appeared for the February 4, 1983 hearing. In light of this fact, the Bankruptcy Court entered an order dismissing the complaint for failure to prosecute on February 10, 1983. The dismissal stated that it was "without prejudice." It is from this phrase that appellant argues some confusion developed which ultimately precipitated this appeal.

Appellant claims that the dismissal without prejudice entitled him to refile his complaint, which he did on March 9, 1983. This complaint was dismissed by the bankruptcy court as untimely. The Bankruptcy Court held that this second complaint was untimely since it was not filed prior to December 30, 1982 (the original deadline for filing complaints in the appellees' bankruptcy proceeding). Subsequently on August 9, 1983 appellant moved for reinstatement of his original (December 29, 1982) complaint. No evidence of excusable neglect concerning the February 4, 1983 failure of appearance (see former Bankruptcy Rule 906(b)) was offered and the Bankruptcy Court denied the motion to reinstate.

■ Rules 404 and 409 respectively provide that the bankruptcy court fixes the time for filing a complaint objecting to discharge or a complaint to determine dischargeability of a debt. "The time shall be not less than 30 days nor more than 90 after the first date set for the first meeting of creditors. . . ." In this manner the bankruptcy court notifies potential claimants and creditors of the limitations period that will apply to their complaint. The December 30, 1982 deadline referred to above was this sort of limitations period, and appellant's second complaint was not filed by this deadline. This limitations period is a creature of federal statutory law and the Arkansas Savings Statute (Ark.Stat.Ann. § 37–222) is not applicable to dismissals without prejudice entered by the Bankruptcy Court. If each state's savings statute were to modify the bankruptcy limitations period in the manner suggested by appellant, the sort of non-uniformity would be engendered in this federal statutory proceeding which the Supreme Court criticized in *Burnett v. New York Central R. Co.,* 380 U.S. 424, 433, 85 S.Ct. 1050, 1057, 13 L.Ed.2d 941 (1964) (FELA claim). *See also Garrison v. International Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983) (Title VII).

■ The fact that the Bankruptcy Court used the phrase "without prejudice" does not change the result since the Eighth Circuit has held that "dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1194 (8th Cir.1976). Therefore, upon dismissal of the first complaint for lack of prosecution, appellant had no right to refile in March of 1983. The ruling of the Bankruptcy Court in this regard will not be disturbed.

In light of appellant's failure to appear at the February 4, 1983 hearing, the Bankruptcy Court could hardly be said to have abused its discretion in dismissing appellant's first complaint on February 10, 1983. However, appellant argues that the Bankruptcy Court erred by not reinstating the complaint upon being notified that the appellant's attorney had misplaced the notice of the February 4, 1983 hearing date. Reinstatement was not requested by appellant until August 9, 1983 and a timely appeal was not taken from the February 10, 1983 dismissal. Again appellant argues that the filing of his second complaint somehow cures this problem. However, as the court earlier explained, this filing was made under an erroneous interpretation of the effect of the February 10, 1983 dismissal. Judge Fussell's comments lend no support to appellant's arguments. These comments were made after the time for filing an appeal of the February 10, 1983 order had already passed and, therefore, appellant could in no way have been misled to his prejudice by these comments.

■ The bankruptcy court conducted a hearing on September 2, 1983 to receive evidence in support of appellant's motion for reinstatement. On September 13, 1983 the Bankruptcy Court made its findings and

conclusions in the form of an order. The findings of the bankruptcy court may not be disturbed unless the court finds them to be clearly erroneous (former Bankruptcy Rule 810; new Bankruptcy Rule 8013). The only evidence offered before the Bankruptcy Court to establish excusable neglect was the misplacing of the notice of the February 14, 1983 hearing by appellant's attorney. The Bankruptcy Court found this proof insufficient to establish excusable neglect under the terms of Bankruptcy Rule 906(b)(1) and this finding is not clearly erroneous.

In view of the foregoing, the decision of the Bankruptcy Court is affirmed.