**In re ADAMS PLYWOOD, INC., Debtor.**

**Bankruptcy No. 84–23105.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

May 2, 1985.

Guthrie Castle, Jr., Memphis, Tenn., for debtor.

Paul I. Mendelson, Memphis, Tenn., for Champion Building Products.

MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

Champion Building Products ("Champion") purchased from Adams Plywood, Inc.

("Debtor") seven hundred eight (708) sheets of one-fourth inch four-by-eight natural, birch plywood along with sixty one (61) sheets of one-fourth inch four-by-eight red oak plywood. Champion paid the Debtor $6,656.93 upon delivery of the plywood. On August 22, 1984, nine days after delivery, Champion inspected the plywood and exercised its right to reject all the goods because they did not conform to the contract. Tenn.Code Ann. § 47–2–601. Champion returned the plywood to the Debtor on August 22, 1984, the same day that the Debtor filed a Chapter 11 Petition in Bankruptcy. The plywood was sold or otherwise disposed of before this matter was filed with this Court.

Champion is now before this Court by virtue of what it calls a "Petition to Require Debtor to Relinquish in and Return Equipment to Petitioner." In this petition, Champion prays for the following: an injunction against the Trustee selling or otherwise disposing of goods; an order allowing Champion to reclaim the goods; an order allowing Champion's claim for Six Thousand Six Hundred Fifty Six and 93/100 Dollars ($6,656.93), including Two Thousand Two Hundred Eighteen and 98/100 Dollars ($2,218.98) in attorney fees.[1]

Champion takes the position that it has a right to reclaim the goods pursuant to 11 U.S.C. § 546(c).[2] The Court finds that Champion's position is without merit. Section 546(c) grants the right of reclamation to a *seller* of goods. Champion is clearly a buyer that exercised its right to reject the goods. Therefore, Section 546(c) is unavailable to Champion.

The remedies available to Champion once it discovered that the goods shipped by the Debtor did not conform to the contract are found at Tenn.Code Ann. § 47–2–711. Section 47–2–711(3) reads in pertinent part as follows:

(3) On rightful rejection ... of acceptance a buyer has a security interest in goods *in his possession or control* for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller. (Emphasis added.)

Champion could have protected itself by properly exercising its remedies under Tenn.Code Ann. § 47–2–711. Under Section 47–2–711(3), Champion could have rejected the plywood yet kept the goods and maintained a security interest in the goods. By sending the plywood back to the Debtor, Champion is left with a mere unsecured claim against the Debtor in the amount of $6,656.93.

Although the result reached by the Court in this case seems inequitable at first glance, when one views the case in the context of the entire bankruptcy proceeding and from the perspective of all the other creditors involved, the holding can be justified.

There are two principal goals underlying the Bankruptcy Act. The first goal is to "... relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh ..." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). The other principal goal is to provide for equitable

---

1. This should have been filed as an adversary proceeding pursuant to Bankruptcy Rule 7001.

2. Champion sent a written demand for reclamation of the plywood within ten days after the Debtor received the plywood. Section 546(c) states as follows:

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secured such claim by a lien.

distribution of a debtor's estate among all his creditors. *In re Tarnow,* 35 B.R. 1014 (N.D.Ind.1983); *In re Lorber Industries of California, Inc.,* 675 F.2d 1062 (9th Cir. 1982); *In re Bradford,* 6 B.R. 741 (D.Nev. 1980); *Matter of Vickers,* 577 F.2d 683 (D.Kan. 10th Cir.1978); *Girardier v. Webster College,* 563 F.2d 1267 (8th Cir.1977); *Matter of Highway & City Freight Drivers, Dockmen, and Helpers, Local Union No. 600,* 432 F.Supp. 1326, vacated, *Matter of Highway & City Freight Drivers, Dockmen & Helpers, Local Union No. 600 v. Gordon Transports, Inc.,* 576 F.2d 1285 (8th Cir.1978), cert. denied 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 678 (1978).

Therefore, under the particular facts and circumstances of the case, the Court must hold that Champion holds an unsecured claim against the Debtor in the amount of $6,656.93.