**In re Jerry DeNICOLA, Debtor.**

**Bankruptcy No. 2–87–05116.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Sept. 21, 1988.

Thomas H. Grace, Columbus, Ohio, Chapter 7 Trustee.

J. Donald Ratcliff, Chillicothe, Ohio, for Marea Grubb.

Pamela N. Maggied, Columbus, Ohio, for debtor.

Office of the U.S. Trustee Charles M. Caldwell, Columbus, Ohio.

## OPINION AND ORDER OVERRULING OBJECTION TO SALE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection to a proposed sale of personal property which was first noticed to all creditors on April 15, 1988 by Thomas H. Grace, the duly appointed trustee in bankruptcy ("Trustee"). The sale was opposed initially by David Calvert and that objection was overruled by the Court. Because the objection process forced a delay in the date proposed for the sale, the Trustee renoticed the sale for August 6, 1988. That notice required objections to be filed with the Court within twenty (20) days of July 13, 1988. No such timely objections were filed. On August 5, 1988, however, the Court received an objection to the sale in the form of a letter from an attorney representing Marea Grubb. A copy of that letter was not sent to the Trustee except by action of the Court. Therefore, the Trustee's knowledge of the objection came only after the sale had occurred.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This matter, involving a sale of estate assets, is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (N).

### FINDINGS OF FACT

The facts in this matter are not disputed. On March 20, 1988 Grubb ordered a three-wheel electric cart from a business owned and operated by Jerry DeNicola, the debtor in this Chapter 7 bankruptcy case. The price of the cart was quoted as $1200 and $600 of that price was paid at the time the order was taken. On April 8, 1987 Grubb paid $550 in full satisfaction of the remainder of the purchase price. The order specifically stated that Grubb's money would be refunded if the cart were not acceptable.

When the cart finally was delivered to DeNicola and examined by Grubb, it was found not to be the model contemplated in the order. Grubb then informed DeNicola that the cart was unacceptable. Although DeNicola promised to obtain the correct cart or to return Grubb's payments, the correct vehicle was never procured nor were any refunds of the purchase price made.

On November 16, 1987 DeNicola filed a petition under Chapter 7 of the Bankruptcy Code. On August 6, 1988 the cart, along with many other items of personal property, was sold to the debtor at a public auction. The gross proceeds obtained for the

bankruptcy estate from that bulk sale were $6,000.

Grubb objects to the Trustee's sale of the cart on the basis that she "owns" the vehicle and has already paid the full price required to acquire it.

### ISSUE OF LAW

The issue before the Court is whether Grubb has a property interest in the cart which either prevents the Trustee from selling it or which must be satisfied from the proceeds of the sale.

### CONCLUSIONS OF LAW

Although no statutory provisions or case law were cited to the Court at the hearing on this matter, the Court finds that Grubb's rights are governed by the provisions of Article 2 of the Uniform Commercial Code, enacted in Ohio as Chapter 1302 of the Ohio Revised Code. Specifically, the Court finds that Grubb's failure to accept the cart delivered to DeNicola pursuant to her order, and her notification to DeNicola that the cart was unsatisfactory, effected a rejection of the cart. Ohio Rev.Code Ann. §§ 1302.61 and 1302.64 (Anderson 1979).

Upon rejection of the contract for the purchase of the cart, title to that vehicle revested or remained in DeNicola by operation of law. Ohio Rev.Code Ann. § 1302.42(D) (Anderson 1979); *Joseph T. Ryerson & Sons, Inc. v. Commodity Engineering Co.*, 689 F.2d 478 (4th Cir.1982). That result means that Grubb's remedies are those provided in Article 2 of the Uniform Commercial Code for a buyer who has rejected goods. See Ohio Rev.Code Ann. § 1302.85 (Anderson 1979). Only if Grubb had possession of the cart could she claim a security interest in the vehicle for the amount of her payment. See Ohio Rev. Code Ann. § 1302.85(C) (Anderson 1979). By returning the cart, she lost the right to assert a security interest. *In re Adams Plywood, Inc.*, 48 B.R. 719 (Bankr.W.D. Tenn.1985).

Because the cart was not merchandise which conformed to that ordered by Grubb and because she never took possession of the vehicle, the Court finds that Grubb's

remedy is the assertion of a claim for the recovery of the money she paid and, perhaps, for any provable incidental damages. Ohio Rev.Code Ann. § 1302.85 (Anderson 1987). Unfortunately, such claim, as a prepetition claim against DeNicola, may be maintained against the bankruptcy estate only as a general unsecured claim.

Although this result initially may seem unfair, "when one views the case in the context of the entire bankruptcy proceeding and from the perspective of all the other creditors involved, the holding can be justified." *Adams Plywood*, 48 B.R. at 720. It serves to reinforce the goals of furthering the debtor's fresh start and providing for "equitable distribution of a debtor's estate among all his creditors." *Adams Plywood*, at 720–721. Such result is also mandated by the interaction of the provisions of the Uniform Commercial Code and the Bankruptcy Code.

Based upon the foregoing, the Court finds that Marea Grubb has no property interest in the three-wheel cart sold by the Trustee. Accordingly, the Court overrules her objection to sale of the cart and retention of the net proceeds from that sale by the Trustee for the benefit of the estate.

IT IS SO ORDERED.