In re Joseph J. CARRIERO, Jr., Debtor.

Henry J. BOROFF, Trustee in
Bankruptcy, Plaintiff,

v.

Agnes M. CARRIERO, Defendant.

No. 4–81–00896–G.
Adv. No. 4–82–0116.

United States Bankruptcy Court,
D. Massachusetts.

June 8, 1982.

Henry J. Boroff, Framingham, Mass., pro se.

Roger Stanford, Stanford & Schall, New Bedford, Mass., for defendant.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

The defendant has made claim for a trial by jury on a complaint by the trustee in bankruptcy to avoid an allegedly preferential transfer under § 547 of the Bankruptcy Code. 11 U.S.C. § 547(b), as amended. The trustee has objected on the grounds that the claim was not timely filed, and further, on the grounds that the amount involved does not warrant the expense of trial by jury. For the reasons which appear below, the defendant's claim for jury trial is denied.

The trustee's complaint alleges that the defendant is the mother of the debtor; that she loaned her son $5,000 in 1979, and that within one year of the filing of the debtor's bankruptcy petition, he paid his mother $1650 on account of his $5,000 debt. As a result, the trustee argues that the payments to the defendant by the debtor are voidable under § 547(b). In her Answer, the defendant has denied all the allegations which would pertain to the preference claim.

The trustee's argument that the claim is not timely filed is in error. Rule 38(b) of the Fed.R.Civ.P. provides that any party may demand a trial by jury by serving a written demand at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Fed.R. Civ.P., Rule 38(b). Since the defendant filed her claim on May 14, 1982, within 10 days of the date she filed her Answer, it is timely filed. See 5 *Moore's Federal Practice* ¶ 38.39[2], at p. 38–348 (2nd Ed. 1981).

Rule 38(a) provides that "the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given

by a statute of the United States shall be preserved to the parties inviolate". Rule 38, however, merely prescribes the steps to be taken for assuring enjoyment of the right to a jury trial, if such right exists; but it does not create the right. *Arnstein v. Twentieth Century Fox Film Corp.*, 3 F.R.D. 58, 59, 7 F.R.Serv. 38a.2, Case 2 (S.D.N.Y.1943). The source of the right is the law as it stood preceding the adoption of the rules. *Id.*

The Seventh Amendment to the Constitution provides:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States than according to the rules of common law.

■ The provisions of the Seventh Amendment and Rule 38 make it clear that only in those instances where the common law had previously recognized a right to trial by jury, or where a right has been granted by statute, can the protection of either be invoked.

> By its terms the Seventh Amendment applies only to 'Suits at common law, where the value in controversy exceeds twenty dollars.' Since the great diversity among the states concerning the right to jury trial led to an omission of any guaranty of jury trial in civil actions in the original Constitution, [footnote omitted], the common law alluded to in the Amendment is the common law of England as of the time (1791) the Amendment was adopted [footnote omitted]. This principle does not, however, preclude the application of the Seventh Amendment to newly created rights of a legal nature, which would under common law principles be enforced in a suit at common law. [*Citing Pernell v. Southall Realty*, 416 U.S. 363, 40 L.Ed.2d 198, 94 S.Ct. 1723 (1974).] Since the Amendment deals only with suits at common law, it has no application to suits in equity [Citing *Shields v. Thomas*, 18 How 253, 15 L.Ed. 368 (1855) ], or admiralty [footnote omitted]

or to administrative proceedings [footnote omitted]. 5 *Moore's Federal Practice* ¶ 38.08[5], at pp. 38–48 thru 38–49 (2d Ed. 1981).

The common law, from which a right to jury trial may arise, had no prohibition against a debtor preferring one or more of his creditors over the others. See generally, 3 *Collier on Bankruptcy* ¶ 60.02[1], at pp. 755–56 (14th Ed. 1978), and cases cited therein. The remedy of avoidance is provided solely by statute. Moreover, the statute here makes no specific provision for a trial by jury.

Thus, where there existed no action at common law for the avoidance of preferential transfers, it follows that there also was no right to a trial by jury. Moreover, in the absence of any statute creating a right to jury trial, the defendant cannot now fashion such a right where none existed previously.

This is as it should be, for the law of preferences arises from equity.

> A prime objective of any scheme for dealing with financially embarrassed estates or persons is equitable distribution of assets to creditors.
>
> \* \* \* \* \* \*
>
> There is no one immutable principle of what is equitable. Yet the final goal remains the same: a distribution that is equitable to the debtor, to the creditor, and among the creditors. That "the theme of the Bankruptcy [Law] is equality of distribution" is a fundamental and long recognized principle [citations omitted].
>
> \* \* \* \* \* \*
>
> But, it is obvious that, if the creditors and debtor could deal with impunity with the debtor's assets up to the date of bankruptcy, only tag ends and remnants of unencumbered assets would too often remain. Bankruptcy liquidation would be futile procedure. The [law], therefore, must necessarily invalidate certain transactions that have occurred prior to bankruptcy. 3 *Collier on Bankruptcy*, ¶ 60.01 at pp. 743–44 (14th Ed. 1978)

Thus, it is most plain that the trustee's complaint seeking to *avoid* a preferential

transfer is one arising out of equity, not law. It is not an action seeking damages for an act complained of, but rather, seeks the return of the *res* for a more equitable distribution. It is an attempt to set aside that which is not equitably done. The fact that he may claim the return of $1650 from the defendant does not make the action one at law. The power to avoid preferential transfers, although arising from statute, has always been thought of as an equitable remedy. And where equity did not recognize the right to trial by jury, neither does Rule 38 or the Seventh Amendment. See *Yakus v. United States*, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944), *United States v. Louisiana*, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950).

Thus, it is the conclusion of this Court that where the proceeding is one which was unknown to the common law, and is solely a statutory proceeding, in the absence of a statute creating a right to trial by jury, no such right exists. See *National Labor Relation's Board v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48–49, 57 S.Ct. 615, 629, 81 L.Ed. 893 (1937). Further, even if such an action had existed at common law, it is fair to conclude that it would have been one in equity, which would have carried no right to trial by jury.

Finally, I note that the amount in question is only $1650. This type of preference action is indicative of the transfers which may be subject to attack in a bankruptcy proceeding. It would be folly to think that a speedy, efficient and inexpensive administration of bankrupt estates could ever occur if actions such as these continually required the services of a jury. Indeed, the very benefits of preference avoidance might be seriously impeded if such a rule were adopted.

Therefore, for the foregoing reasons, the claim for trial by jury is DENIED.

SO ORDERED.