**In re FIRST INTERNATIONAL SERVICES CORPORATION, Debtor.**

**FIRST INTERNATIONAL SERVICES CORPORATION, Plaintiff,**

v.

**APOLLO SIGN COMPANY, Defendant.**

**Bankruptcy No. 5–81–00354.**
**Adv. No. 5–83–0181.**

United States Bankruptcy Court,
D. Connecticut.

March 7, 1984.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL

ALAN H.W. SHIFF, Bankruptcy Judge.

This matter is before the Court on the plaintiff's (FISCO) Motion to Strike Demand for Jury Trial in an adversary proceeding to recover a preference.

## I.

### BACKGROUND

The defendant, Apollo Sign Company (Apollo), allegedly received three preferential payments totalling $4,859.00 within ninety days prior to the April 2, 1981 filing of the Chapter 11 bankruptcy petition.[1] On June 7, 1981, Apollo filed a proof of claim [2] in the amount of $13,409.50. FISCO did not file an objection to Apollo's claim. Therefore under Code § 502(a), Apollo's claim was deemed to be allowed except insofar as Code § 502(d) applies.[3]

On March 23, 1983, FISCO filed an adversary proceeding in this Court to avoid the alleged preferential transfers. In its April 29, 1983 answer, Apollo demanded a jury trial.

## II.

### DISCUSSION

#### (a)

On December 22, 1982, in the aftermath of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1983), which invalidated bankruptcy court jurisdiction over civil proceedings related to cases under Title 11, the District Judges for the District of Connecticut adopted an Emergency Resolution For Administration Of Bankruptcy System (Emergency Resolution), effective

Barbara Hadley Katz, DiPietro, Kantrovitz & Brownstein, New Haven, Conn., for plaintiff.

Donald J. Steller, Farmingdale, N.Y., for defendant.

---

1. FISCO made payments to Apollo as follows:

| | |
|---|---|
| February 9, 1981 | $2,607.00 |
| February 23, 1981 | 828.00 |
| March 2, 1981 | 1,424.00 |

2. The proof of claim lists the defendant as Apollo Sign Corp.

3. See n. 12 *infra*.

December 25, 1982.[4] The jurisdiction of the Bankruptcy Court in this District is now founded upon the Emergency Resolution which, *inter alia,* provides for a reference to the Bankruptcy Judges of this District of "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11."[5] The Emergency Resolution expressly eliminated the authority of Bankruptcy Judges to conduct jury trials.[6] The Emergency Resolution, however, must be read with the Bankruptcy Rules which became effective on August 1, 1983 and are applicable in this proceeding. Bankruptcy Rule 9015(b)(3) provides:

DETERMINATION BY COURT. On motion or on its own initiative the [bankruptcy] court may determine whether there is a right to trial by jury of the issues for which a jury trial is demanded or whether a demand for trial by jury in a proceeding on a contested petition shall be granted.

Accordingly, this Court will first determine whether Apollo has a right to a jury trial. If it does, this proceeding must be transferred to a District Judge under Emergency Resolution paragraph (d)(1), but the prospect of such a transfer does not provide Apollo with an additional basis for claiming a right to a jury trial as the District Court would be exercising bankruptcy jurisdic-

tion.[7] Thus the question remains—is Apollo entitled to a jury trial in a preference action to be heard in a bankruptcy proceeding?

**(b)**

Apollo's right to a jury trial in this proceeding is governed by 28 U.S.C. § 1480[8] which provides in pertinent part:

Jury trials.

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

The reach of that statute has been explored by numerous courts and commentators, *see, e.g.:* 1 W. Norton, Jr., *Bankruptcy Law and Practice,* §§ 16.01 *et seq.* (1981); Levy, *Trial By Jury Under The Bankruptcy Reform Act of 1978,* 12 *Conn.L.Rev.,* No. 1 (1979); *In re Professional Air Traffic Controllers Organization;* 23 B.R. 271, 9 B.C.D. 1097 (D.C.D.C.1982); *In re Portage Associates, Inc.,* 16 B.R. 445, 5 C.B.C.2d 1247 (Bkrtcy.N.D.Ohio 1982); *In re First Financial Group of Texas, Inc.,* 11 B.R. 67, 7 B.C.D. 896 (Bkrtcy.S.D.Tex.1981); *In re*

---

**4.** The validity of the Emergency Resolution was upheld in this circuit in *In re Kaiser,* 722 F.2d 1574, 1581 (2d Cir.1983):

Given the policy considerations supporting the bankruptcy courts' power to issue final judgments in a traditional bankruptcy case, and absent a Supreme Court decision denying that power, we conclude that the Rule [Emergency Resolution] is constitutional.

**5.** Emergency Resolution ¶ (c)(1).

**6.** Emergency Resolution ¶ (d)(1)(D).

**7.** Under § 404(a), Bankruptcy Reform Act. P.L. 95–598 (1978), the courts of bankruptcy created under the Bankruptcy Act of 1898 are to continue through the transition period, commencing September 30, 1978. Under § 405(b) of the Bankruptcy Reform Act, the jurisdiction of the District Courts and Bankruptcy Courts over bankruptcy and related matters, as established by 28 U.S.C. § 1471, was made effective

during the transition period. In construing the limitations upon jurisdiction over bankruptcy matters in the wake of *Marathon, supra,* the Court of Appeals for this circuit in *In re Kaiser, supra* note 4, at 1578 held:

section 1471(a) and (b) still explicitly vests jurisdiction in the district courts in "all cases under Title 11" and "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11". In addition, *Marathon* did not invalidate 28 U.S.C. § 1334 (1976) (old section 1334), which provides that "[t]he district courts shall have original jurisdiction, exclusive of the States, of all matters and proceedings in bankruptcy." This provision is effective until April 1, 1984 when the new system for bankruptcy adjudication was to have permanently taken effect.

**8.** This section is effective during the transition period commencing September 30, 1979. §§ 241(a), 405(b) Bankruptcy Reform Act P.L. 95–598 (1978).

*Mozer,* 10 B.R. 1002, 7 B.C.D. 849 (Bkrtcy.D. Colo.1981).

■ Giving wide latitude to the language of § 1480, it would appear that a party is entitled to a jury trial in a District Court bankruptcy proceeding, if the nature of the issue involved [9] is such that any statute, state or federal, in effect on September 30, 1979, including the Seventh Amendment to the United States Constitution [10] provided for a right to a jury trial. *In re Hause,* 10 B.R. 628, 629 (Bkrtcy.D.Mass.) *aff'd* 13 B.R. 75 (Bkrtcy.D.Mass.1981) *aff'd* 694 F.2d 861 (1st Cir.1982).

Under the former Bankruptcy Act of 1898, there was no specific statutory provision for jury trials in preference litigation. *See generally Norton, supra,* at § 16.07. Nor was there a Constitutional right to such a trial. As the Supreme Court in *Katchen v. Landy,* 382 U.S. 323, 327–329, 86 S.Ct. 467, 471–72, 15 L.Ed.2d 391 (1966) observed, bankruptcy courts were essentially courts of equity empowered by Congress to allow, disallow and reconsider claims in summary proceedings without a jury rather than in the slower and more expensive process of plenary suits.

Under Act § 57g "[t]he claims of creditors who have received or acquired preferences ... void or voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences ...." Thus preference matters were deemed a part of the claim allowance process in the § 57g context and were accordingly subject to the summary jurisdiction of the bankruptcy court. As the *Katchen* Court held, 382 U.S. at 335–336, 86 S.Ct. at 475–76

Our examination of the structure and purpose of the Bankruptcy Act and the provisions dealing with allowance of claims therefore leads us to conclude, and we so hold, that the Act does confer summary jurisdiction to compel a claimant to surrender preferences that under § 57g would require disallowance of the claim....

Petitioner contends, however, that this reading of the statute violates his Seventh Amendment right to a jury trial. But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.,* 287 U.S. 92 [53 S.Ct. 50, 77 L.Ed. 185 (1932)],[11] when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. The Bankruptcy Act, passed pursuant to the power given to Congress by Art. I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claim into an equitable claim to a pro rata share of the *res, Gardner v. New Jersey,* 329 U.S. 565, 573–574 [67 S.Ct. 467, 471–72, 91 L.Ed. 504 (1947)], a share which can neither be determined nor allowed until the creditor disgorges the alleged voidable preference he has already received. See *Alexander v. Hillman,* 296 U.S. 222, 242 [56 S.Ct. 204, 211, 80 L.Ed. 192 (1935)]. As bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481 [60 S.Ct. 628, 629, 84 L.Ed. 876 (1940)]; *Cline v. Kaplan,* 323 U.S. 97, 98–99 [65 S.Ct. 155, 156, 89 L.Ed. 97 (1944)]; *May v. Henderson,* 268 U.S. 111, 115–116 [45 S.Ct. 456, 458–59, 69 L.Ed. 870 (1925)]; and as the proceedings of bankruptcy courts are inherently proceedings in equity, *Local Loan Co. v. Hunt,* 292 U.S. 234, 240 [54 S.Ct. 695, 697,

**9.** Levy, *Trial By Jury Under The Bankruptcy Reform Act of 1978,* 12 *Conn.L.Rev.* 1, 8, No. 1 (1979).

**10.** *In re Mozer,* 10 B.R. 1002, 1006 (Bkrtcy.D. Colo.1981), *citing American Federation of Labor v. Watson,* 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873 (1946).

**11.** *See In re Sunair International Inc.,* 32 B.R. 142, 10 B.C.D. 1215 (Bkrtcy.S.D.Fla.1983) (allowing a jury trial in a proceeding where a proof of claim had not been filed and the trustee sought to recover a voidable preference and money damages under a quantum meruit theory).

78 L.Ed. 1230 (1934)]; *Pepper v. Litton,* 308 U.S. 295, 304 [60 S.Ct. 238, 244, 84 L.Ed. 281 (1939)], there is no Seventh Amendment right to a jury trial for determination of objections to claims, including § 57g objections.

██ The question then is whether the *Katchen* doctrine retains its vitality under the Code. Under Code § 502(d),[12] claims of creditors who have received void or voidable preferences must be disallowed unless the creditor surrenders the money or property transferred during the preference period.

██ It would therefore appear that Code § 502(d) essentially tracks Act § 57g, that the *Katchen* rationale applies to cases and proceedings under the Code, and that creditors who have received void or voidable preferences and who have filed claims against the estate are deemed to have submitted their claims to the equity jurisdiction of bankruptcy proceedings which must resolve any preference matters in the context of the allowance or disallowance of claims. Moreover, as the *Katchen* Court concluded, bifurcation of the issues to allow the existence and amount of any preference to be separated from the recovery of any such transfer does not avail Apollo's claim for a jury trial since the "determination of the preference issues in the equitable proceeding would ... render unnecessary a trial in the plenary action because of the res judicata effect [13] to which that determination would be entitled." *Katchen v. Landy, supra,* 382 U.S. at 339, 86 S.Ct. at 478.

It is accordingly

ORDERED that the plaintiff's Motion To Strike Demand For Jury Trial is granted.

---

**12.** Code § 502(d) provides:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

**13.** Under Emergency Resolution, paragraph (d)(2), "[e]xcept as provided in paragraph (d)(3), orders and judgments of Bankruptcy Judges [are] effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the Bankruptcy Judge or a District Judge." Under Emergency Resolution, paragraph (d)(3), proceedings involving the allowance of and objections to claims against the estate and proceedings to set aside preferences are not defined as related proceedings as to which Bankruptcy Judges may not enter a judgment or dispositive order. *See also In re Kaiser,* 722 F.2d 1574, *supra* n. 4.