In re ATLANTIC ENERGY,
INC., Debtor.

Patrick A. BARRY, Trustee, Plaintiff,

v.

Clinton J. PIERCE, Defendant.

Bankruptcy No. 83–00196–BKC–AJC.
Adv. No. 84–0227–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

June 21, 1985.

Julia B. Rose, c/o English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for plaintiff.

Reggie David Sanger, Fort Lauderdale, Fla., for defendant.

## ORDER SETTING JURY TRIAL

A. JAY CRISTOL, Bankruptcy Judge.

This adversary proceeding was found to constitute core proceedings by my predecessor, the Honorable Joseph A. Gassen, and came before this court upon motion to set jury trial. Previously, Judge Gassen entered an order dated September 20, 1984, wherein he decided:

"The court finds that under the BAFJA, it has jurisdiction to conduct jury trials ... I see no reason why the Bankruptcy Court cannot conduct a jury trial."

The court concurs with Judge Gassen in this determination. Under existing bankruptcy law and B.R. 9015, this court is authorized and empowered to conduct jury trials. The court believes that jury trials should only be conducted on core matters. In most situations involving a non-core matter, a bankruptcy judge may not enter a final order. This non-final order along with the jury verdict would be subject to "review de novo" [(whatever that means)] upon appeal to a district judge under 28 U.S.C. § 157(b)(5)(c)(1). It would therefore appear to be an exercise in futility for a bankruptcy court to conduct a jury trial on a non-core matter. Of course, equitable matters and other non-jury matters may not be tried by jury. To separate jury from non-jury matters, B.R. 9015(b)(3) specifically allows the court to "determine *issues* for which jury trial is demanded."

In many instances, demands for jury trial are made in bankruptcy proceedings as a defensive ploy and without a genuine intention or desire for jury trial on any or all of the issues.

■ Let the word go out that, in this court, the court has determined that it has the power to conduct jury trials on all issues triable of right before a jury. This court will not hesitate to grant jury trials and will continue to bring all matters to trial swiftly without regard to whether they are set as jury or non-jury. The court will determine those issues not subject to trial by jury at pre-trial conference and try those issues before proceeding with a jury trial.

■ It is accordingly, ORDERED:

1. Pre-trial conference for the jury trial in this cause is set by this order is set on *Monday, August 5, 1985, commencing at 11:30 a.m., in the U.S. Courthouse, Courtroom No. 206A, 299 East Broward Boulevard, Fort Lauderdale, Florida.* The jury trial will be conducted by the court on *August 19, 1985, commencing at 2:00 p.m., at the above-mentioned address.*

2. Prior to the jury trial set by this order, the court will dispose of all matters triable as non-jury issues in this cause and specifically in the trustee's complaint, the issues of the avoidance of preferential transfers alleged in Count 1, avoidance of fraudulent transfers alleged in Count II and avoidance of fraudulent conveyances as alleged in Count III. Trial of said issues shall commence before the court without a jury, subject to all of the requirements for pre-trial preparation of an adversary proceeding outlined in this court's procedures for adversary proceeding which are incorporated in this order by reference. An initial pre-trial conference is set in this case on *Monday, July 8, 1985 at 10:00 p.m., at the above-mentioned address.* At that pre-trial conference, all issues triable of right by a jury including the conversion count, Count IV, and all non-jury issues will be determined pursuant to B.R. 9015(b)(2). The non-jury portion of this case is set for non-jury trial and said trial shall commence at *1:30 p.m. on Monday, the 15th day of July, 1985, at the above-mentioned address.*