In the Matter of REDA, INC., Debtor.

REDA, INC., Plaintiff,

v.

HARRIS TRUST & SAVINGS BANK, as Trustee under Trust No. 11901 and Alba Sciacqua, Delva Sciacqua, Cosmopolitan National Bank, as Trustee for Anaclato Sciacqua, Deceased as beneficiaries of Harris Trust & Savings Trust No. 11901 and Joseph Scoville, individually and as agent for beneficiaries of Harris Trust & Savings Trust No. 11901, Defendants.

Bankruptcy No. 84 B 9403.
Adv. No. 85 A 115.

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 29, 1986.

Robert R. Benjamin, Chicago, Ill., for Reda.

Max Chill and Steven R. Radtke, Max & Herman Chill, P.C., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

### I. *Background*

The issue presented is whether the bankruptcy court should hold a jury trial in a case alleging a preferential transfer and a conversion. The debtor's causes of actions arose in connection with its purchase of a restaurant that was subsequently damaged by fire. Both the debtor and the defendants were listed as beneficiaries of an insurance policy covering the restaurant building.[1] The insurance company issued a check for $156,163.97 under that policy. The debtor and the defendants endorsed the check and the defendants kept the proceeds. Thereafter the debtor filed a Chapter 11 petition and a complaint in this Court alleging that the defendants' retention of the proceeds was both an avoidable preference under 11 U.S.C. § 547(b) and a conversion under state common law. The debtor now seeks a jury trial on those issues. The defendants have opposed the debtor's jury trial demand.

### II. *Preference and Jury Trial*

■ An action seeking to avoid or recover a preferential transfer is a core proceeding under 28 U.S.C. § 157(b)(2)(F).[2] The bankruptcy court may enter a final judgment in all core proceedings. 28 U.S.C. § 157(b)(1). Therefore, this Court has the power to enter a final judgment on whether the defendants here received a preference. As a result, this Court clearly may rule on whether a jury trial on that issued is permitted.[3]

■ The right to a jury trial in federal court derives from the Seventh Amendment to the United States Constitution, a federal statute or a state constitution or statute. Fed.R.Civ.P. 38(a); Bankruptcy Rule 9015(a); *Matter of Hendon Pools of Michigan, Inc.*, 57 B.R. 801, 802 (E.D.Mich. 1986). There is no statutory right to a jury trial in a preference action under state or federal law. Both 11 U.S.C. § 547, which permits the avoidance of preferences, and 28 U.S.C. § 1411, which permits jury trials in bankruptcy, are silent regarding the availability of a jury to try a preference proceeding.[4] Therefore, the Seventh Amendment is the debtor's only possible source of a right to a jury trial.

■ The Seventh Amendment provides a right to a jury trial only for "[s]uits at common law where the value in controver-

---

1. This Court previously found that these defendants were not entitled to the insurance proceeds paid on a policy covering the restaurant's contents due to a defect in the perfection of a claimed security interest in the contents. *See Matter of Reda*, 54 B.R. 871 (Bankr.N.D.Ill. 1985). All that is in issue in this proceeding is the question of entitlement to the proceeds of the insurance covering the building that housed the restaurant.

2. It is for the bankruptcy court to determine in the first instance if a matter is a core proceeding. 28 U.S.C. § 157(b)(3).

3. Bankruptcy Rule 9015(b)(3) provides that the bankruptcy court may determine whether there is a right to a jury trial. The Bankruptcy Amendments and Federal Judgeship Act ("BAFJA") amendments do not invalidate this Rule. *Cf. In re Atlantic Energy, Inc.*, 52 B.R. 17 (Bankr. S.D.Fla.1985).

4. 28 U.S.C. § 1480, the predecessor to § 1411, provided that "this chapter and title 11 do not affect the right to a trial by jury in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11...." Section 1411 provides that "... this chapter and title 11 do not affect any right to a trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim." Courts interpreting both of these statutes have found, in part based on legislative statements that § 1411 inadvertently omitted the language in § 1480, that § 1411 supplements rather than limits a party's right to a jury trial as it existed under § 1480. *See In re Energy Resources Co., Inc.*, 49 B.R. 278, 281 (Bankr.D.Mass.1985); *In re Rodgers & Sons, Inc.*, 48 B.R. 683, 687 (Bankr. E.D.Okla.1985). *See also* 130 Cong.Rec. S7618-19 (daily ed. June 19, 1984) (statement of Sen. Heflin).

sy shall exceed twenty dollars ..." Obviously, the United States Constitution governs in bankruptcy proceedings as in other kinds of cases. Thus, if the debtor (who obviously seeks to recover in excess of $20.00) could have sued to recover the alleged preference at common law, the debtor would had a right to a jury trial in this proceeding as well. The problem is there was no right at common law for a debtor or creditor to sue to recover a preference. Instead at common law a debtor had a right to prefer any creditor it chose. It is only under the Bankruptcy Code that preferences are recoverable as such.[5] Because there was no common law preference action, there obviously was no common law right to a jury trial in actions to avoid preferential transfers. Thus the debtor has no Seventh Amendment right to have the preference claim resolved by a jury. *See In re Financial Partners, Ltd.,* ¶ 70,805 (CCH) at 87,887, 87,888 (Bankr. N.D.Ill.1985) *citing In re Carriero,* 21 B.R. 132, 133 (Bankr.D.Mass.1982). *Accord In re Country Junction, Inc.,* 41 B.R. 425, 430 (W.D.Tex.1984).

In its consideration of similar jury right problems, the Supreme Court has tended to analyze the Seventh Amendment right to a jury trial by distinguishing between legal claims, which seek money damages, and equitable claims, which seek the exercise of a court's equitable jurisdiction.[6] *See e.g., Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). As a general rule, the analysis is that there is no right to a jury trial for equitable actions, as there is for actions that are traditionally actions at law. *In re Rodgers & Sons, Inc.,* 48 B.R. 683, 689 (Bankr.E.D.Okla. 1985).

An action to avoid or recover a preference is a core proceeding that "is not an action seeking damages for an act complained of, but rather, seeks the return of the res for a more equitable distribution." *In re Carriero,* 21 B.R. 132, 134 (Bankr.D. Mass.1982). In this case, the debtor in essence is complaining in its preference count that it would be inequitable to allow the defendants to retain possession of the insurance proceeds because to do so would give the defendants an unfair advantage over the debtor's other creditors. It asks the Court to avoid the transfer and enter judgment in the amount equal to the proceeds plus interest. Looking at it this way, it is clear this action to recover a preference is an equitable proceeding for which there is no right to a jury trial.[7] *See Katchen v. Landy,* 382 U.S. 323, 336–38, 86

---

**5.** *In re Carriero,* 21 B.R. 132, 133 (Bankr.D.Mass. 1982); *see also* 4 Collier on Bankruptcy ¶ 547.01 at 547-8 (15th ed. 1985). There is no Illinois statute permitting the recovery of a preferential payment. Of course a preferential payment made and received in bad faith might be recoverable as a fraudulent conveyance both at common law and under Illinois law. *Twyne's Case,* 3 Co.Rep. 80b, 76 Eng.Rep. 809 (1601). However, no fraudulent conveyance theory is alleged by this debtor.

**6.** The former distinction for purposes of determining a jury trial right between summary proceedings (no jury right) and plenary proceedings (jury right) is inapplicable because the Bankruptcy Code abolished these concepts as grounds for jurisdiction. *In re Energy Resources Co., Inc.,* 49 B.R. 278, 281 (Bankr.D. Mass.1985); *see also In re Rodgers & Sons, Inc.,* 48 B.R. 683, 688 (Bankr.E.D.Okla.1985).

**7.** The expeditious and cost-effective administration of the bankruptcy courts would become jeopardized if routine preference actions such as this one would necessitate jury trials. *In re Best Pack Seafood, Inc.,* 45 B.R. 194, 195 (Bankr. D.Me.1984); *In re Carriero,* 21 B.R. 132, 133 (Bankr.D.Mass.1982). Nevertheless, if the debtor did have a constitutional right to a jury trial, that right should not yield to a cost benefit analysis. If the right did exist, the Court would give the debtor a jury trial regardless of the implications of such a decision for the Court's docket. However, bankruptcy courts historically were courts of equity, designed to provide for efficient, expeditious, and equitable administration of the estates of insolvent debtors. *See Katchen v. Landy,* 382 U.S. 323, 327–29, 86 S.Ct. 467, 471–72, 15 L.Ed.2d 391 (1966); *In re First International Services Corp.,* 37 B.R. 856, 859 (Bankr.D.Conn.1984). This history would seem to be relevant in determining whether a right to a jury trial on such a purely bankruptcy law question as a preference existed at common law.

S.Ct. 467, 476–77, 15 L.Ed.2d 391 (1966); *Matter of Hendon Pools of Michigan, Inc.,* 57 B.R. 801, 803 (E.D.Mich.1986); *In re Country Junction,* 41 B.R. 425, 430 (W.D. Tex.1984); *In re Financial Partners, Ltd.,* ¶ 70,805 (CCH) at 87,887, 87,888 (Bankr.N. D.Ill.1985); *In re Chase & Sanborn Corp.,* 54 B.R. 43, 44 (Bankr.S.D.Fla.1985); *In re Mauldin,* 52 B.R. 838, 841 (Bankr.N.D. Miss.1985); *In re Atlantic Energy, Inc.,* 52 B.R. 17, 18 (Bankr.S.D.Fla.1985); *In re Energy Resources Co., Inc.,* 49 B.R. 278, 282 (Bankr.D.Mass.1985); *Matter of Mc Louth Steel Corp.,* 38 B.R. 316, 317 (Bankr.E.D. Mich.1984); *In re First International Services Corp.,* 37 B.R. 856, 857, 859 (Bankr.D. Conn.1984); *but see In re Arnett Oil, Inc.,* 44 B.R. 603, 604 (N.D.Ind.1984); *In re McCrary's Farm Supply, Inc.,* 57 B.R. 423, 424 (Bankr.E.D.Ark.1985); *In re Boss-Linco Lines, Inc.,* 55 B.R. 299, 307 (Bankr. W.D.N.Y.1985).[8]

The fact that the debtor seeks to recover money in this preference proceeding does not change the nature of the action to one for a legal remedy. The debtor is not really seeking damages for an injury. Instead the debtor by pursuing a preference action is seeking to recover a sum of money improperly paid to the creditor in Bankruptcy Code terms. *See Katchen v. Landy,* 382 U.S. at 337–38, 86 S.Ct. at 476–77; *In re Country Junction, Inc.,* 41 B.R. at 429; *In re Checkmate Stereo & Electronics, Ltd.,* 21 B.R. 402, 408 (E.D.N.Y.1982); *In re Carriero,* 21 B.R. at 134; *see also In re Rodgers & Sons,* 48 B.R. at 689; *In re Minton Group, Inc.,* 43 B.R. 705, 707 (Bankr.S.D.N.Y.1984). That the debtor

would realize a cash recovery rather than lien avoidance or property recovery is irrelevant. "[W]here a plaintiff seeks to recover monies wrongfully withheld, the basis for such an action is wholly equitable." *In re Energy Resources Co.,* 49 B.R. at 282.[9] Thus the nature of the debtor's action remains a request for this Court to invoke its equitable powers for the debtor's benefit.

For all of the foregoing reasons, it is clear to the Court that the debtor is not entitled to a jury trial on the preference count.

III. *Conversion and Jury Trial*

An action for state law conversion is not specifically listed as a core proceeding under 28 U.S.C. § 157(b)(2). However, the list of core proceedings in the Judicial Code is not exclusive. In general, any matter that arises directly in a bankruptcy case under bankruptcy law is a core proceeding; any matter that arises under nonbankruptcy law and happens to be of issue in a bankruptcy case merely because one of the parties to the dispute is the debtor in the bankruptcy case usually is a noncore proceeding. *See In re Yagow,* 53 B.R. 737, 739–40 (Bankr.D.N.D.1985). The debtor's conversion count falls into the latter category.

The debtor's conversion action would be cognizable under state law had it not filed bankruptcy. This would not hold true for the debtor's preference action, which is strictly a creature of § 547 of the Bankruptcy Code. The conversion action here, although noncore, is a "related

---

**8.** Each of the courts that has allowed a jury trial demand in a preference action relied on the Supreme Court's decision in *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932). The Court in *Schoenthal* allowed a jury trial in a preference action because the creditor had not submitted to the bankruptcy court's jurisdiction by filing a proof of claim and therefore was entitled to a plenary proceeding. This Court has pointed out *supra* note 6 that courts have rejected the plenary/summary distinction in this regard because it is not applicable under the Bankruptcy Code. *See also* 130 Cong.Rec. S7619 (daily ed. June 19, 1984) (statement of Sen. Heflin) (submitting to bankruptcy

court's summary jurisdiction by filing proof of claim does not affect right to jury trial if it exists under federal or state law); *but see In re D.H. Overmyer Telecasting Co., Inc.,* 53 B.R. 963, 980 (N.D.Ohio 1984).

**9.** Although this reasoning was used by the *Energy Resources* court to describe an action to recover a fraudulent conveyance, the analysis is equally applicable to an action to avoid a preference. Both are attempts by debtors or trustees to recover money or property which the Bankruptcy Code deems to have been inequitably transferred by the debtor.

proceeding," related to the debtor's bankruptcy case because *inter alia* any recovery would inure to the benefit of the debtor's creditors. *See Matter of Boughton,* 49 B.R. 312, 315 (Bankr.N.D.Ill.1985). Thus, the district court has bankruptcy jurisdiction over the conversion action. 28 U.S.C. § 1334(b). *Cf. In re Denalco Corp.,* 57 B.R. 392 (N.D.Ill.1986). Despite the fact that the conversion count is a noncore proceeding, the district court may refer the matter to the bankruptcy court to handle it, in effect, as a magistrate. 28 U.S.C. § 157(c)(1). The district court in this district entered a blanket order of reference on July 10, 1984, referring all bankruptcy cases and proceedings, including noncore proceedings, to the bankruptcy judges of this district. In effect, the district court in this district has delegated as much of its bankruptcy jurisdiction to the bankruptcy court as it possibly can. Therefore, at this moment this Court has jurisdiction over the conversion count as well, although it is a noncore proceeding. However, unless the parties consent to having the conversion count fully and finally resolved by this Court, this Court's jurisdiction over the matter is limited to conducting a hearing and submitting proposed findings of fact and conclusions of law to the district court for its final determination on the merits. 28 U.S.C. § 157(c)(1).

■ This limitation on the jurisdiction that this Court may exercise over the noncore conversion count becomes particularly significant when considered in conjunction with the debtor's demand for a jury trial on that count. The first question is whether the debtor has a jury trial right on the conversion count. Despite the fact that the conversion count is noncore, the issue of jury trial right should first be resolved by this Court. Bankruptcy Rule 9015(b)(3). As stated earlier, the Seventh Amendment guarantees a jury trial for common law actions. The debtor's state law conversion claim is such an action. The debtor has preserved its right to a jury trial by making a timely demand in accordance with Bankruptcy Rule 9015(b). It therefore is entitled to a jury trial on the conversion count by virtue of the Seventh Amendment and Bankruptcy Rule 9015(a). *Accord In re Atlantic Energy, Inc.,* 52 B.R. 17, 18 (Bankr.S.D.Fla.1985).

The final question is whether the bankruptcy court or the district court is the appropriate forum to hold the jury trial. Because the debtor's adversary complaint is a noncore proceeding, the bankruptcy court is unable to enter a final judgment without the consent of the parties. 28 U.S.C. § 157(c)(1); *In re U.S. Bedding Co., Inc.,* 52 B.R. 875, 878 (Bankr.C.D.Cal.1985). Such consent is lacking in this case. Therefore, any jury verdict rendered in this Court and any order entered by this Court in accordance with that verdict would be subject to de novo review upon appeal to the district court under 28 U.S.C. § 157(c)(1). This review would include the holding of a new jury trial if timely requested.

■ It would be impractical and make no sense in terms of judicial economy for the bankruptcy court to hold a jury trial in a noncore proceeding where the parties have not given their consent to the bankruptcy court's exercise of jurisdiction. The likelihood of a second jury trial in the district court is great. The waste of time and resources in having the bankruptcy court conduct its own jury trial in such circumstances is obvious. The vast majority of courts that have considered the question have agreed with this conclusion. *See Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985); *Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464 (D.Mass.1985); *In re Arnold Print Works, Inc.,* 54 B.R. 562 (Bankr.D. Mass.1985); *In re Northern Design, Inc.,* 53 B.R. 25 (Bankr.D.Vt.1985); *In re L.A. Clarke and Son, Inc.,* 51 B.R. 31 (Bankr.D. C.1985); *In re American Energy, Inc.,* 50 B.R. 175 (Bankr.D.N.D.1985); *In re Bokum Resources Corp.,* 49 B.R. 854 (Bankr. D.N.M.1985); *In re Morse Electric Co., Inc.,* 47 B.R. 234 (Bankr.N.D.Ind.1985); *In re Smith-Douglass, Inc.,* 43 B.R. 616 (Bankr.E.D.N.C.1984); *In re Atlas Auto-*

*mation Inc.,* 42 B.R. 246 (Bankr.E.D.Mich. 1984); *but see In re Lombard-Wall Inc.,* 48 B.R. 986, 993 (S.D.N.Y.1985). Therefore, this Court will file a suggestion with the district court that it withdraw the conversion count of this adversary proceeding on its own motion for cause shown pursuant to 28 U.S.C. § 157(d) unless a party seeks to have the reference withdrawn within the next 21 days. *Cf. In re L.A. Clarke and Son, Inc.,* 51 B.R. 31, 32 (Bankr.D.C.1985). The Court will hold a bench trial on the preference count.