**In re SOUTHERN INDUSTRIAL BANKING CORPORATION, d/b/a Daveco, Debtor.**

**Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,**

**v.**

**Hugh G. ANDERSON and Hazel Anderson, et al, Defendants.**

**Bankruptcy No. 3–83–00372.**

United States Bankruptcy Court, E.D. Tennessee.

Sept. 26, 1986.

---

## MEMORANDUM ON DEFENDANTS' DEMANDS FOR A JURY TRIAL

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a defendant to a preference action, 11 U.S.C.A. § 547 (West 1979), has a right to a jury trial where the only relief sought is a monetary judgment.[1] If so, the court must also determine whether a bankruptcy court has authority to conduct a jury trial in a core proceeding, 28 U.S.C.A. § 157(b)(2) (West Supp.1986).

### I

The debtor is a former industrial loan and thrift company. As the liquidating trustee appointed pursuant to debtor's reorganization plan, plaintiff filed hundreds of preference actions seeking monetary judgments against former investors.

These actions have been consolidated. Fed.R.Bankr. 7042. More than four hundred (400) preference defendants[2] have demanded a jury trial. Plaintiff contends that a defendant in a preference action does not have a right to a jury trial. Represented by several different attorneys, defendants collectively assert a right to a jury trial under the Seventh Amendment to the United States Constitution, 28 U.S.C.A. § 1411(a) (West Supp.1986), or 28 U.S.C.A. § 1480(a) (West Supp.1986) (repealed 1984).

Because of the equitable nature of bankruptcy proceedings, there is generally no constitutional right to a jury trial. *Merrill v. Walter E. Heller & Co.*, 594 F.2d 1064, 1067 (5th Cir.1979) (defendant did not have right to a jury trial on dischargeability issue). "[T]he right to a jury trial in bankruptcy proceedings is purely statutory." *Beery v. Turner*, 680 F.2d 705, 710 (10th Cir.1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982). The term "statutory" is interpreted to include the Constitution of the United States. See *Air Transp. Ass'n v. Professional Air Traffic Controllers Org.*, 23 B.R. 271, 273 n. 4 (D.D.C.1982).

Section 1411 of title 28 of the United States Code, enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984, provides:

*Jury trials*

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

On its face subsection (a) pertains only to personal injury or wrongful death tort claims. In any event it is inapposite herein, because debtor's case was commenced on

---

1. "The right to a jury trial in bankruptcy matters is not very clear." *Cowans on Bankruptcy,* § 1.6 (1986).

2. In this memorandum the term "defendants" means those defendants who have demanded a jury trial.

March 10, 1983, and section 122 of the Bankruptcy Amendments and the Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, 346 (1984), recites in part "[S]ection 1411(a) of title 28 ... as added by this Act, shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act [July 10, 1984], or to proceedings arising in or related to such cases."

■ Enacted as part of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, 2671 (1978), former 28 U.S.C. § 1480 provided:

*Jury trials*

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

(b) The bankruptcy court may order the issues arising under section 303 of title 11 to be tried without a jury.

However, this statute was implicitly repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984.[3] Hence, defendants' right to a jury trial, if any, must be found in the Seventh Amendment.

## II

The Seventh Amendment to the United States Constitution provides:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

"Suits at common law" has a broader meaning than those common law actions existing in 1791 when the amendment was ratified. Writing for the Court in 1830, Mr. Justice Story stated:

The phrase "common law," found in this clause, is used in contradistinction to equity, and admiralty, and maritime jurisprudence.... By common law, [the Framers of the Amendment] meant ... not merely suits, which the common law recognized among its old and settled proceedings, but suits in which *legal rights* were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.... In a just sense, the amendment then may well be construed to embrace all suits, which are not of equity and admiralty jurisdiction, whatever might be the peculiar form which they may assume to settle legal rights.

*Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830) (emphasis added). *Cf. Reda, Inc. v. Harris Trust & Sav. Bank,* 60 B.R. 178, 180 (Bankr.N.D.Ill.1986) (since there was no common law preference action there is no right to a jury trial of a preference action).

■ Where Congress creates a new cause of action without providing for the mode of trial, courts determine whether there is a right to trial by jury through identifying the nearest historically analogous cause of action. A jury trial is not constitutionally required if Congress creates a statutory cause of action not in the nature of a suit at common law. 9 A. Wright & C. Miller, *Federal Practice and Procedure,* § 2302 (1971).

■ *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932) involved a district court suit in equity to recover cash preferences. The trustee, Irving Trust Co., asserted it had no adequate remedy at law. A petition by defendants to transfer the suit to the law side of the

---

**3.** For a discussion of the repeal of 28 U.S.C. § 1480 and the irreconcilable conflict between sections 113 and 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 see *Jacobs v. O'Bannon,* 49 B.R. 763, 766–68

(Bankr.M.D.La.1985). See also King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984,* 38 Vand.L.Rev. 675, 703 n. 79 (1985).

court, and for a jury trial, was denied. Monetary judgments were awarded by the district judge sitting in equity and affirmed by the Second Circuit Court of Appeals. Finding the trustee's assertion it had no adequate remedy at law was not supported by the facts, the Supreme Court reversed. The Court observed:

> In England, long prior to the enactment of our first Judiciary Act, common-law actions of trover and money had and received were resorted to for the recovery of preferential payments by bankrupts. Suits to recover preferences constitute no part of the proceedings in bankruptcy but concern controversies arising out of it.

*Schoenthal*, 287 U.S. at 94–95, 53 S.Ct. at 51 (footnote and citation omitted).

The Court further noted Irving Trust Co. had sued to recover money payments of a definite amount and that no accounting or other equitable relief was requested.

Thus, *Schoenthal*, decided prior to the merger of law and equity in the federal court system, stands for the proposition that a suit to recover a cash preference is a suit at law to which the right of trial by jury attaches. *Accord Black v. Boyd*, 248 F.2d 156, 162 (6th Cir.1957); *Prudential Ins. Co. v. Nelson*, 96 F.2d 487, 488 (6th Cir.1938) (ordinarily suit to recover cash preferences of an ascertained amount may not be sustained in equity) (dictum); *Warmath v. O'Daniel*, 159 F. 87 (6th Cir.1908) (preference defendant in action seeking money damages entitled to jury trial on the law side); *Boss-Linco Lines, Inc. v. Laidlaw Transp. Ltd.*, 55 B.R. 299, 308 (Bankr. W.D.N.Y.1985). *Contra Country Junction, Inc. v. Levi Strauss & Co.*, 41 B.R. 425 (W.D.Tex.1984) (no right to jury trial in Code preference action because it is a summary proceeding for which there was no jury trial under the Act); *Reda, Inc. v. Harris Trust & Sav. Bank*, 60 B.R. 178 (Bankr.N.D.Ill.1986) (fact that recovery sought in preference action is monetary does not change nature of the action to one for a legal remedy); *Boroff v. Carriero*, 21 B.R. 132 (Bankr.D.Mass.1982) (no right to jury trial since preference action arises out of equity). In *Warmath*, a preference action to recover the value of certain furnishings, the court described the suggestion it must first set aside the transfer as "a devise for evading the statute forbidding a resort to a court of equity [to defeat the right of trial by jury]." *Warmath*, 159 F. at 89.

Plaintiff, however, insists that *Schoenthal* does not hold that there is a Seventh Amendment right to a jury trial in a preference action. Instead, plaintiff suggests the Court in *Schoenthal* simply concluded the trustee had an adequate legal remedy and that its suit should have been brought at law. This court's reading of *Schoenthal* is not so circumscribed; the upshot of the decision is that a preference defendant is entitled to a jury trial where the only relief sought is money damages.

Plaintiff also contends that the precedential value of *Schoenthal* is eroded by *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), which holds that the Bankruptcy Act of 1898 conferred summary jurisdiction to compel a claimant to surrender preferences that would require disallowance of his claim in bankruptcy. Section 57(g) of the Bankruptcy Act of 1898 provided in part: "The claims of creditors who have received or acquired preferences ... void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences...." The bankruptcy trustee in *Katchen* objected to the claims of a creditor, who had received cash preferences, and counterclaimed to recover the preferences. Exercising summary jurisdiction, the bankruptcy referee awarded judgment to the trustee on the preference claims. The Supreme Court disagreed with the creditor's contention that his rights under the Seventh Amendment were violated by the referee's exercise of summary jurisdiction.

> But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoen-*

*thal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50 [77 L.Ed. 185], when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. The Bankruptcy Act, passed pursuant to the power given to Congress by Art. I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claim into an equitable claim to a pro rata share of the *res.* [sic] a share which can neither be determined nor allowed until the creditor disgorges the alleged voidable preference he has already received. As bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, and as the proceedings of bankruptcy courts are inherently proceedings in equity, there is no Seventh Amendment right to a jury trial for determination of objections to claims, including § 57, sub. g. objections.

*Katchen v. Landy*, 382 U.S. at 336–37, 86 S.Ct. at 476 (citations omitted).

Plaintiff contends *Katchen* would have been decided differently if the Seventh Amendment affords a right of trial by jury in preference actions. According to plaintiff, if there is a constitutional right to a jury trial in preference actions the "right exists irrespective of whether the preference claim is brought in a summary or a plenary proceeding." [4]

Clearly, the Court's statement that the creditor "might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding," *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476, represents an equivocation of the Court's decision in *Schoenthal*. Also, as previously quoted, the Court observed in *Katchen*

that the proceedings of bankruptcy courts are inherently proceedings in equity.

While the Court stated in *Schoenthal* that "[s]uits to recover preferences constitute no part of the proceedings in bankruptcy....", 287 U.S. at 94–95, 53 S.Ct. at 51, that statement is no longer true. When the Court decided *Schoenthal* in 1932, jurisdiction to adjudicate preference actions was concurrently vested in the "courts of bankruptcy" [5] (the federal district and territorial district courts, the Supreme Court of the District of Columbia and the United States Court of Alaska) and any state court which would have had jurisdiction but for the intervention of bankruptcy.[6] Currently, jurisdiction to determine preference actions, and all other "core proceedings," is vested in the bankruptcy courts.[7] Section 157 of Title 28 of the United States Code enacts in part:

*Procedures*

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include but are not limited to—

.     .     .     .     .

(B) allowance or disallowance of claims against the estate ...;

---

4. Brief of Thomas E. DuVoisin, Liquidating Trustee, in Opposition to Jury Trial Request at 4–5.

5. "Courts of bankruptcy" was a statutorily defined term. See Pub.L. No. 69–301, 44 Stat. 662 (1926).

6. See Pub.L. No. 61–294, 36 Stat. 838, 842 (1910).

7. "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court...." 28 U.S.C.A. § 151 (West Supp.1986).

(C) counterclaims by the estate against persons filing claims against the estate;

.    .    .    .    .

(F) proceedings to determine, avoid, or recover preferences;

. . . .

When it enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress included preference actions in the same classification (core proceedings) as (1) the allowance or disallowance of claims against the estate and (2) counterclaims by the estate against persons filing claims (e.g. the trustee's counterclaim to recover preferences in *Katchen* ). This reflects an implicit congressional intent that preference actions be tried without a jury, in the same manner as claims. *Pennels v. Barnes (In re Best Pack Seafood, Inc.)*, 45 B.R. 194 (Bankr.D.Me.1984). Further, if pursuant to its power to establish uniform laws on bankruptcy Congress may convert a creditor's legal claim into an equitable claim, as recognized in *Katchen*, 382 U.S. at 336, 86 S.Ct. at 476, displacing any Seventh Amendment right of trial by jury in the determination of objections to claims, Congress may likewise treat other bankruptcy core proceedings, such as preferences. "Congress may accommodate the right to trial by jury to the need for expeditious proceedings." *Best Pack Seafood*, 45 B.R. at 195. *Accord Baldwin-United Corp. v. Thompson*, 48 B.R. 49, 56 (Bankr. S.D.Ohio 1985) (no constitutional right to a jury trial in core proceedings); 1 *Collier on Bankruptcy* ¶ 3.01[7][b][i] (15th ed. 1986). *See also Morgan v. Lefton (In re Hendon Pools of Michigan, Inc.)*, 57 B.R. 801, 803 (E.D.Mich.1986) (no right to jury trial in action to avoid preferential or fraudulent transfers, both core proceedings, since equitable jurisdiction of bankruptcy court is invoked, bringing action within scope of *Katchen* holding).

*Katchen,* seriously undercutting the Court's earlier decision in *Schoenthal,* establishes that there is no absolute constitutional right to a jury trial in a preference action. Further, more than one hundred years ago the Supreme Court acknowledged:

So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

*Barton v. Barbour,* 104 U.S. (14 Otto) 126, 134, 26 L.Ed. 672 (1881).

The Court's opinion in *Katchen* in conjunction with 28 U.S.C.A. § 157(b) (West Supp.1986), a recently enacted "specific statutory scheme contemplating the prompt trial of a disputed [proceeding]," *Katchen*, 382 U.S. at 339, 86 S.Ct. at 478, compels this court to conclude that the defendants' demands for a jury trial must be denied. Accordingly, it is unnecessary to determine whether this court has authority to conduct a jury trial in a core proceeding.