In re REPUBLIC FINANCIAL CORPO-
RATION, an Oklahoma
corporation, Debtor.

R. Dobie LANGENKAMP, successor
trustee, Plaintiff,

v.

Kenneth D. MOORE and Mary L.
Moore, Defendants.

Bankruptcy No. 84–01460.

Adv. No. 85–0304.

United States Bankruptcy Court,
N.D. Oklahoma.

Feb. 26, 1987.

Sam G. Bratton, II, Tulsa, Okl., for plaintiff.

William E. Rutledge, Hal F. Morris, Tulsa, Okl., for defendants.

ORDER DENYING JURY DEMAND

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon the jury trial demand of defendants Kenneth D. Moore and Mary L. Moore (Moores). The successor trustee, R. Dobie Langenkamp ("Trustee"), opposes this demand stating that the Moores are not entitled to a jury trial in a proceeding under § 547 of the Bankruptcy Code. This Court agrees with the view of the trustee.

Pursuant to 28 U.S.C. § 157(b)(2)(F), this proceeding seeking "to determine, avoid, or recover preferences" is a core proceeding. Therefore, this Court may enter a final judgment in the action and may decide whether there is a right to a jury. *In re Reda, Inc.,* 60 B.R. 178 (Bankr.N.D.Ill. 1986); *In re Rodgers & Sons, Inc.,* 48 B.R. 683, 688 (Bankr.E.D.Okla.1985).

The preference action which is the subject of this adversary proceeding is strictly a creature of § 547. "[T]here was no right at common law for a debtor or creditor to sue to recover a preference." *Reda,* 60 B.R. at 180. Therefore, applying the Seventh Amendment standard for determining whether the right to a jury trial exists, "there obviously was no common law right to a jury trial in actions to avoid preferential transfers." *Id.* Further, there is no statutory right to a jury trial in a preference action. Nor is a preference action one seeking money damages such that the right to a jury trial exists. *Id.; see also, Rodgers & Sons,* 48 B.R. at 689. Therefore, it is the view of this Court, in keeping with the majority ruling of courts faced with this issue, *see Reda,* 60 B.R. 178 and cases cited therein, that the right to a jury trial does not exist in this preference action.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the jury trial demand of the Moores is denied.