In the Matter of NEWMAN COMPANIES, INC. f/k/a Real Estate Investments of Wisconsin, Inc., Debtor.

Benjamin W. LAIRD, Trustee in Bankruptcy of Newman Companies, Inc., Plaintiff,

v.

Killian and Betty SCHAUER, Defendants.

Bankruptcy No. 84–04399.
Adv. No. 86–0165.

United States Bankruptcy Court, E.D. Wisconsin.

Aug. 6, 1987.

R Arthur Ludwig, Ludwig & Shlimovitz, S.C., Milwaukee, Wis., for defendants.

Joseph M. Nicks, Godfrey & Kahn, S.C., Green Bay, Wis., for plaintiff.

## DECISION

RUSSELL A. EISENBERG, Bankruptcy Judge.

This adversary proceeding was commenced by the trustee to recover an alleged preference. The defendants demanded a trial by jury pursuant to Bankruptcy Rule 9015 [1].

Bankruptcy Rule 9015 was abrogated by a March 30, 1987, Order of the Supreme Court of the United States, effective August 1, 1987, requiring changes in the Bankruptcy Rules. Those changes govern all proceedings in bankruptcy cases then pending "insofar as just and practicable." This court finds and determines that it is both just and practicable to apply the amended Bankruptcy Rules to this adver-

---

**1.** Rule 9015 JURY TRIAL

(a) Trial by Jury. Issues triable of right by jury shall, if timely demanded be by jury, unless the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury.

(b) Demand.

(3) Determination by Court. On motion or on its own initiative the court may determine whether there is a right to trial by jury of the issues for which a jury trial is demanded or whether a demand for trial by jury in a proceeding on a contested petition shall be granted.

sary proceeding. There is nothing unique about this adversary proceeding, other than great public interest and media coverage.

There was no right to a jury trial in a preference action prior to the abrogation of Rule 9015. Although there is no reported decision on point by a bankruptcy court in the State of Wisconsin, Bankruptcy Judge Robert E. Ginsberg, a highly respected judge and scholar, ruled on the issue in *Matter of Reda, Inc.*, 60 B.R. 178 (Bankr. N.D.Ill.1986). This court is in complete agreement with Judge Ginsberg's analysis of the substantive law, which has not changed since the date of Judge Ginsberg's decision.

 Bankruptcy courts are essentially courts of equity. (*Katchen v. Landy,* 382 U.S. 323, 327, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966); *Local Loan Co. v. Hunt,* 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934); *Pepper v. Litton,* 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939)). An adversary proceeding by a trustee to recover a preference is an equitable proceeding. (*In re Southern Banking Corp.,* 70 B.R. 196 (E.D.Tenn.1986); see *Matter of Reda,* 60 B.R. 178 at 179–80). As a general rule, there is no right to trial by jury in an equitable proceeding. (*Matter of Reda,* 60 B.R. 178 at 180; *Katchen v. Landy,* 382 U.S. at 337, 86 S.Ct. at 477). There is no statutory right to a jury trial in a preference action under state or federal law. (See *Matter of Reda,* 60 B.R. 178 at 179; Wisconsin Constitution Article I, Section 5, extending trial by jury to "all cases at law"). There is no Seventh Amendment right to trial by jury in a preference action. (*Matter of Reda, Inc.,* 60 B.R. at 180).

The demand for a jury trial is denied.